UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN FORCILLO,

        Plaintiff,

    v.

LEMOND FITNESS, INC., et al.,

        Defendants.

CASE NO. C04-848JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' motions for attorneys' fees and for costs. (Dkt. ## 151, 152). Defendants have requested oral argument. The court has reviewed the moving papers, the evidence accompanying them, and the record in this action, and finds these motions appropriate for disposition without oral argument. For the reasons stated below, the court DENIES Defendants' motion for attorneys' fees, and GRANTS Defendants' motion for costs in part.

## II. BACKGROUND

Plaintiff sued Defendants for infringement of United States Patent No. 6,612,970 ("the '970 Patent"). Defendants filed two counterclaims, one seeking declaratory judgment that defendants' exercise bicycle products did not infringe United States Patent No. 6,669,603 ("the '603 Patent"), and one for violations of the Washington Consumer Protection Act ("CPA"). After a year and a half of litigation, Plaintiff moved to voluntarily dismiss his claims under Fed. R. Civ. P. 41(a)(2). Plaintiff claimed, among other things, that he was financially unable to continue this litigation.

ORDER – 1

The court granted Plaintiff's motion for voluntary dismissal, dismissing Plaintiff's patent infringement claims with prejudice, and dismissing Defendants' counterclaims without prejudice.

Defendants now seek to recover their attorneys' fees under 35 U.S.C. § 285 and their costs under Fed. R. Civ. P. 54 and 28 U.S.C. § 1920.

### III.  ANALYSIS

**A.   Defendants' Motion for Attorneys' Fees**

A prevailing party in a patent dispute is entitled to attorneys' fees only in "exceptional cases." 35 U.S.C. § 285. Circumstances justifying a determination that a case is exceptional include: "inequitable conduct before the [United States Patent and Trademark Office ("PTO")]; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; [or] a frivolous suit or willful infringement." Brasseler, U.S.A. I., L.P. v. Stryker Sales Corp., 267 F.3d 1370, 1380 (Fed. Cir. 2001). A party must prove that a case is exceptional by clear and convincing evidence. Interspiro USA, Inc. v. Figgie Int'l, Inc., 18 F.3d 927, 933 (Fed. Cir. 1994).

Here, Defendants focus solely on their claim that Plaintiff committed inequitable conduct in obtaining the patents-in-suit.[1] Defendants first raised this claim in a motion for summary judgment. Plaintiff voluntarily dismissed this case before the court ruled on that motion. In the instant motion for attorneys' fees, Defendants essentially renew their motion for summary judgment in support of their claim that this case is "exceptional."

Defendants' inequitable conduct allegations center on the claim that Plaintiff, the inventor named in the patents-in-suit, did not disclose one piece of prior art to the PTO. In late 1997, Plaintiff purchased more than a dozen "Body Bike" exercise bicycles from Steen Isaksen, who had manufactured and developed the bicycles. Mr. Forcillo retained

---

[1] Defendants occasionally suggest that Plaintiff brought suit against them in bad faith. E.g., Defs.' Mot. at 10 (discussing Plaintiff's "unwarranted infringement accusations"). The court finds no evidence to overcome the presumption that Plaintiff's infringement claim was in good faith. See Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1382 (Fed. Cir. 2005).

ORDER – 2

at least one of the Body Bikes and used it in the fitness club that he owned. After hearing feedback from people in his club who had used the Body Bike, Mr. Forcillo began to consider developing an exercise bicycle of his own. He eventually did so, and submitted a patent application to the PTO. Although the parties contest the import of this fact, it is undisputed that Plaintiff did not disclose the Body Bike to the PTO as prior art. Defendants allege that Plaintiff engaged in inequitable conduct by failing to disclose to the PTO that Mr. Isaksen's Body Bike was prior art. They claim that this inequitable conduct renders the patents-in-suit unenforceable.

The court need not decide if Plaintiff committed inequitable conduct. Even assuming that Defendants' allegations are true, and that Plaintiff's patent is unenforceable, the court is not obliged to find this case "exceptional." The Federal Circuit has noted that a defendant is not "entitled to an award of attorney fees simply upon showing that the [patentee] engaged in inequitable conduct . . . ." Lighting World, Inc. v. Birchwood Lighting, Inc., 382 F.3d 1354, 1367 (Fed. Cir. 2004); see also Bruno Indep. Living Aids v. Acorn Mobility Servs., 394 F.3d 1348, 1355 (Fed. Cir. 2005) (noting that "inequitable conduct *can be* one of several bases sufficient to make a case exceptional") (emphasis added). The Lighting World court also held that a district court has no obligation to make a full-fledged ruling on inequitable conduct in the context of an attorneys' fees motion. 382 F.3d at 1366-67. Instead, the court is merely obligated to give "consideration" to inequitable conduct allegations. Enzo Biochem, Inc. v. Calgene, Inc., 188 F.3d 1362, 1381 (Fed. Cir. 1999).

The court has considered Defendants' inequitable conduct allegations and finds that, even if ultimately proven, they do not make this case "exceptional." Section 285 of the Patent Act exists to prevent "gross injustice," not to provide attorneys' fees in routine patent cases. Ashcroft v. Paper Mate Mfg. Co., 434 F.2d 910, 915 (9th Cir. 1970) (citation omitted). The court finds no gross injustice in this action, even if Plaintiff committed inequitable conduct.

ORDER – 3

Moreover, given the burden to prove inequitable conduct by clear and convincing evidence, Defendants have not proven inequitable conduct on the record before the court. The court applies a two-part test to determine a plaintiff engaged in inequitable conduct. Baxter Int'l v. McGaw, Inc., 149 F.3d 1321, 1327 (Fed. Cir. 1998). First, the court determines whether the plaintiff misrepresented or omitted facts that are material to patentability. Id. Second, the court determines whether the plaintiff intentionally misrepresented or omitted those facts. Id. If the court finds that the misrepresentation is both material and intentional, the court must balance the factors to determine if the conduct was indeed inequitable. Id. The more material the misrepresentation, the lower the level of intent the court must find to declare the conduct inequitable. Id. Plaintiff offers substantial evidence that the "Body Bike" device was not material to the patentability of his invention, evidence that the court finds sufficient to withstand Defendants' allegations.

The court holds that Plaintiff has not met its burden of proof under the "exacting standard" for finding a case exceptional under 35 U.S.C. § 285. Lighting World, 382 F.3d at 1367. The court therefore declines to award attorneys' fees.

**B.     Defendants' Motion for Costs**

The court now turns to Defendants' motion for costs. Plaintiff concedes that Defendants are prevailing parties entitled to costs under Fed. R. Civ. P. 54(d)(1). The only dispute is over the amount of costs the court should allow.

Defendants have requested $36,544.64 in costs. The court finds that Defendants are entitled to those costs under 28 U.S.C. § 1920, except as follows. The statute provides no authority for awarding costs for videotaping depositions, and the court declines to do so here. The court therefore reduces Defendants' costs request by $3006.25 ($1467.50 for one day and $1538.75 for a second day) for videotaping Plaintiff's deposition. The court finds no evidence of a separate charge for videotaping the deposition of Steen Isaksen. Defendants admit, however, that they videotaped his deposition. Because Mr. Isaksen's deposition took approximately the same amount of

ORDER – 4

1 time as Plaintiff's, the court reduces Defendants' cost request by an additional $3000, the
2 estimated cost of videotaping Mr. Isaksen's deposition.
3      As to the $22,487.15 that Defendants have requested for copying costs, the court
4 will allow those costs subject to a 25% reduction. Defendants are entitled to copying
5 costs only for documents "necessarily obtained for use in the case." 28 U.S.C. § 1920(4).
6 Given the ratio of the enormous number of documents the Defendants provided to the
7 court in support of its various motions to the number of documents that were actually
8 useful to the court, the 25% reduction is generous.
9      The court awards Defendants costs of $24,916.60.

## IV. CONCLUSION

For the reasons stated above, the court DENIES Defendants' motion for attorneys' fees. (Dkt. # 152). The court GRANTS in part Defendants' motion for costs (Dkt. # 151), and awards costs of $24,916.60.

Dated this 11th day of February, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 5